## SUPREME COURT

### ERNEST FIEDLER agt. RICHARD S. TUCKER.

To constitute a *warranty* of goods, on a sale, there must be some expression
showing that the goods are of some certain quality.

All goods are usually understood to be sold as *sound*, unless something to the
contrary is said; but a *warranty* does not arise from that understanding.

The *understanding* of the terms of a sale of goods, by a mutual *agent* acting
for buyer and seller, does not bind the parties, unless his understanding is
communicated by him to one party, and is acceded to, or is not objected to, by
the other. That is, his understanding of the matter will not bind both parties
without communicating it.

*New-York Special Term, Feb.,* 1855.
MOTION for a new trial.

F. W. WALKER, *for plaintiff.*
CLINTON ROOSEVELT, *for defendant.*

MITCHELL, Justice. The judge charged, that the plaintiff
was entitled to recover the unpaid balance of the contract price
of the goods, unless they were sold as sound, and were, in fact,
not sound. This would be understood by the jury as saying,
that if the goods were sold as sound, and were not so, the plain-
tiff could not recover the unpaid balance, but must lose the dif-
ference between the value of sound and unsound; and amounts
to a charge, that a sale of goods as sound, is a warranty that
they are sound. All goods are usually understood to be sold
as sound, unless something to the contrary is said; but a
warranty does not arise from that understanding. To consti-
tute a warranty there must be some expression, showing that
the seller agrees that the goods are of some certain quality.

The judge also charged, that as Forbes acted as the mutual
agent of buyer and seller, his understanding of the terms of the
sale would bind both parties. His understanding, *communi-
cated by him* to one party, and acceded to, or not objected to,
by the other, would bind both; but to make his understanding

bind both, without his communicating it, would make him the sole judge of what inferences were to be drawn from the facts, and his inferences control both, when it might be that neither intended what he inferred, or ever said anything to justify it.

For these reasons, there must be a new trial—the costs to abide the event.

Judge MORRIS, concurs in the propriety of a new trial.